**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, ANA ROMAN, and MIGUEL CEBALLOS ALVAREZ, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:15-cv-00817-TWP-MJD ) |
| MH LEASING, LLC, SHILOH ESTATES, FR COMMUNITY, LLC, FR CHINOOK, LLC, PAMELA ZIEMER, FR MH PARKS LLC, and FR COMMUNITIES LLLP, | ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER ADOPTING AS MODIFIED THE REPORT AND RECOMMENDATIONS ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on objections to the Magistrate Judge's report and recommendations filed by Plaintiffs Fair Housing Center of Central Indiana ("FHCCI"), Ana Roman ("Roman"), and Miguel Ceballos Alvarez ("Alvarez") (collectively "Plaintiffs"), and Defendants MH Leasing, LLC, Shiloh Estates, FR Community LLC, FR Chinook LLC, Pamela Ziemer, FR MH Parks LLC, and FR Communities LLLP (collectively "Defendants"). (Filing No. 105 and Filing No. 106.) This case involves allegations of housing discrimination in violation of a number of federal and state statutes. On May 11, 2017, the Magistrate Judge issued his Report and Recommendation (Filing No. 104) on the parties' cross motions for summary judgment: Summary Judgment filed by Defendants (Filing No. 83) and Motion for Partial Summary Judgment filed by Plaintiffs (Filing No. 86). For the reasons described below, the Court adopts, as modified, the Magistrate Judge's report and recommendations.

## I. LEGAL STANDARD

### A. Review of the Magistrate Judge's Report and Recommendation

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009); *see also,* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); Fed. R. Civ. P. 72(b)(3); *see also, Schur,* 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those elements *de novo,* determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also, Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur,* 577 F.3d at 760-61. Further, if a party fails to object to a magistrate judge's report and

recommendation, or objects on some issues and not others, he waives appellate review of the issues to which he has not objected. *Zema Sys. Corp.,* 170 F.3d at 739.

**B.** **Summary Judgment**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court reviews the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Zerante,* 555 F.3d at 584; *Anderson,* 477 U.S. at 255.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (noting that when the non-movant has the burden of proof on a substantive issue, specific forms of evidence are not required to negate a non-movant's claims in the movant's summary judgment motion, and that a court may grant such a motion, "so long as whatever is before the district court demonstrates that the standard...is satisfied"); *see also*, Fed. R. Civ. P. 56(c)(1)(A) (noting additional forms of evidence used in support or defense of a summary judgment motion, including "depositions, documents electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials").

Thereafter, a non-moving party who bears the burden of proof on a substantive issue may not rest on its pleadings, but must affirmatively demonstrate by specific factual allegations that there is a genuine issue of material fact that requires trial. *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Celotex*, 477 U.S. at 323-24; Fed. R. Civ. P. 56(c)(1). Neither

3

the mere existence of some alleged factual dispute between the parties nor the existence of some "metaphysical doubt" as to the material facts is sufficient to defeat a motion for summary judgment. *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997); *Anderson*, 477 U.S. at 247-48; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which [it] relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

The existence of cross-motions for summary judgment does not necessarily mean that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., Inc. v. Int'l Union of Operating Eng'rs.,* 335 F.3d 643, 647 (7th Cir. 2003). Rather, the process of taking the facts in the light most favorable to the non-movant, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-motions, [the court's] review of the record requires that [the court] construe all inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arbitration Forums, Ins.,* 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks–Robinson v. Excel Corp.,* 154 F.3d 685, 692 (7th Cir. 1998)).

A court is not permitted to conduct a paper trial on the merits of a claim and may not use summary judgment as a vehicle for resolving factual disputes. *Ritchie v. Glidden Co., ICI Paints World-Grp.*, 242 F.3d 713, 723 (7th Cir. 2001); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Indeed, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (highlighting that "these are jobs for a factfinder"); *Hemsworth*, 476 F.3d at 490. When

ruling on a summary judgment motion, a court's responsibility is to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Id.*

## II. BACKGROUND

The pertinent facts of each motion are set forth in detail in the Magistrate Judge's Report and Recommendation (Filing No. 104 at 1-6) and will therefore only be summarized in this Entry.

This is an action for housing discrimination brought by Plaintiffs. The FHCCI is an Indiana non-profit organization whose mission is to foster diversity and equal opportunity in housing through education and enforcement of housing laws. Plaintiffs allege the Defendants (entities related to the manufactured home community in which Roman and Alvarez lived and its community manager) discriminated against Roman and Alvarez on the basis of their national origin and other residents on the basis of their familial status in violation of the Fair Housing Act ("FHA") and 42 U.S.C. §1981.2. FHCCI further contends Defendants violated the FHA by discriminating against disabled tenants.

Roman and Alvarez are a married couple and identify themselves as Hispanic/Latino and are of Mexican descent. Shiloh Estates (formerly Shortridge Village) is a manufactured housing community in Indianapolis, Indiana. Defendant Pamela Ziemer ("Ziemer") was the community manager of Shiloh Estates from June 1, 2011 through March 11, 2014. Prior to this, the community managers were Wayne and Vickie Pavey. Roman and Alvarez lived at Shiloh Estates from 2004 until May 2013. Roman and Alvarez owned their trailer and leased their lot from Shiloh Estates. Roman believed Ziemer treated her family "like trash" and treated them differently than the "American" families. With the assistance of the FHCCI, Roman and Alvarez filed a housing discrimination complaint with the Indiana Civil Rights Commission ("ICRC") on May 1, 2014. (Filing No. 85-4 at 2- 4.) The ICRC conducted an investigation and issued a "no cause" finding on February 2, 2015. (Filing No. 85-5 at 2-5.) Thereafter, Plaintiffs filed their Complaint on May

5

22, 2015, and an Amended Complaint, the operative complaint, was filed on December 2, 2015. ([Filing No. 37](#).)

Because this case involves many causes of action, cross-motions for summary judgment, and objections from all parties, the Court will briefly summarize the claims, motions, and recommendations:

- Plaintiffs named MH Leasing, LLC as a defendant in this case. The parties agree that this Defendant should be dismissed, and the Magistrate Judge recommended dismissal. Neither party objects to this recommendation.

- Plaintiffs named FR Communities LLLP as a defendant in this case. The Magistrate Judge recommended that this Defendant should be dismissed from this lawsuit, and Plaintiffs do not object to this recommendation.

- Plaintiffs allege state law claims of negligence and harassment. The parties agree that these claims should be dismissed, and the Magistrate Judge recommended dismissal. Neither party objects to this recommendation.

- Plaintiffs allege a conspiracy claim under 42 U.S.C. § 1985(3). The parties agree that this claim should be dismissed, and the Magistrate Judge recommended dismissal. Neither party objects to this recommendation.

- Plaintiffs assert claims under 42 U.S.C. § 3604(c) against all Defendants. Defendants move for summary judgment as to these claims, and Plaintiffs cross-move for summary judgment as to liability. The Magistrate Judge recommended granting Defendants' Motion for Summary Judgment and denying Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs object to this recommendation.

- Plaintiffs assert claims under 42 U.S.C. § 3604(f) against all Defendants. Defendants move for summary judgment as to these claims, and the Magistrate Judge recommended granting Defendants' motion. Plaintiffs object to this recommendation.

- Plaintiffs assert claims under 42 U.S.C. § 3617 against all Defendants. Defendants move for summary judgment as to these claims, and the Magistrate Judge recommended denying summary judgment. Defendants object to this recommendation.

- Plaintiffs assert claims under 42 U.S.C. § 1981 against all Defendants. Defendants move for summary judgment as to these claims, and the Magistrate Judge recommended denying summary judgment. Defendants object to this recommendation.

- Plaintiffs assert claims under 42 U.S.C. § 3604(b) against all Defendants. Defendants move for summary judgment as to these claims. The Magistrate Judge recommended denying Defendants' motion. Defendants object to this recommendation.

### III. DISCUSSION

The Court addresses each claim and objection in turn.[1]

**A. 42 U.S.C. § 3604(b)**

In their Amended Complaint, Plaintiffs allege that Defendants violated 42 U.S.C. § 3604(b) by "discriminating against tenants in the provision of services or facilities in connection with the rental of dwellings because of tenants' national origin, race, color, familial status, and disability including but not limited to creating and maintaining a hostile environment." (Filing No. 37 at 4.) Defendants move for summary judgment as to this claim, arguing that Plaintiffs have not connected their alleged treatment to discriminatory intent on the part of Defendants. (Filing No. 84 at 17-18.)

In his Report and Recommendation, the Magistrate Judge concluded that Defendants' arguments regarding this claim were not applicable in the context of this statutory subsection.[2] (Filing No. 104 at 12.) Citing *Bloch v. Frischholz*, 587 F.3d 771, 779-80 (7th Cir. 2009), the Magistrate Judge stated that 42 U.S.C. § 3604(b) is narrow in scope, and typically applies to pre-sale discriminatory actions. (Filing No. 104 at 8.) According to *Bloch*, the Magistrate Judge

---

[1] The Court makes an initial observation here in order to suggest a best practice. The record in this case is voluminous, with exhibits numbering in the hundreds. Plaintiffs have filed their exhibits with no titles or other descriptors as to what document(s) each exhibit contains, instead assigning letters or numbers to each exhibit. Plaintiffs' citations, however, refer to specific documents—for example, "Ziemer dep." or "McNeil dep."—without any reference to the alphabetical or numeric title of the corresponding exhibit. Because the exhibits lack descriptive titles, the Court must open each individual exhibit to determine whether it contains the cited document. Moreover, Plaintiffs have filed some portions of deposition transcripts without including the title pages, making it difficult to discern the identity of the deponent. Locating and identifying Plaintiffs' cited exhibits in this case has been unnecessarily burdensome and has slowed the Court's review of the subject motions. In this and future cases, both Plaintiffs and the Court would be well served by Plaintiffs naming their exhibits with descriptive titles and always including the deposition title pages.

[2] The Magistrate Judge points out the same deficiency in Plaintiffs' briefing, but as the moving party bears the burden at the summary judgment stage, the Court focuses its analysis on Defendants.

concluded, only two post-sale circumstances may properly support a Section 3604(b) claim: (1) cases of actual or constructive eviction; and (2) discriminatory enforcement of the rules imposed by homeowners' associations that serve to restrict owners' rights. (Filing No. 104 at 8.)

The Magistrate Judge reasoned that while the parties' arguments should therefore focus on either an eviction or discriminatory rule enforcement, instead the parties focused on evidence of harassment more akin to that relevant to a 42 U.S.C. § 3617 claim. (Filing No. 104 at 8.) The Magistrate Judge concluded that Plaintiffs stated facts sufficient to allege a constructive eviction, and Defendants did not dispute them, so he recommended that Defendants' Motion for Summary Judgment be denied. (Filing No. 104 at 13.) Defendants object to this recommendation. They do not appear to dispute the Magistrate Judge's conclusion regarding the scope of Section 3604(b)'s coverage. Instead, they contend that Plaintiffs have conceded that they were not evicted, and therefore cannot establish a claim under Section 3604(b).[3]

The Court disagrees with Defendants' contention that Plaintiffs have disclaimed any sort of constructive eviction claim. Plaintiffs alleged a constructive eviction in their Amended Complaint, (Filing No. 37 at 8-9), and disputed Defendants' factual contention that Plaintiffs had failed to allege an attempted eviction (Filing No. 91 at 8). Defendants point to contradictory evidence contained within the record, but at the summary judgment stage, contrary evidence merely creates a factual dispute appropriate for resolution at trial.

---

[3] Plaintiffs do not appear to object to the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be denied. They do take issue, however, with the Magistrate Judge's reasoning regarding the scope of Section 3604(b). They also appear to request the Court to allow them to give a special jury instruction regarding Section 3604(b). Because the Court here denies Defendants' Motion for Summary Judgment, and Plaintiffs' claim may proceed to trial, the Court need not address Plaintiffs' dispute with the Magistrate Judge's reasoning. At trial, Plaintiffs may present whatever theory of liability they believe supports their claim. Any request for a jury instruction regarding that claim is premature, and Plaintiffs may submit their proposed jury instructions at the appropriate time prior to trial.

The Court agrees with the Magistrate Judge that Plaintiffs have provided sufficient factually supported allegations to survive summary judgment. It overrules Defendants' objection and adopts the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment as to this claim be denied.

**B.** **42 U.S.C. § 3604(c)**

In their Amended Complaint, Plaintiffs allege that Defendants have violated 42 U.S.C. § 3604(c) by "making statements with respect to the rental of dwellings that indicated preference, limitation or discrimination based on tenants' national origin, race, color, familial status, and disability or an intention to make such a preference, limitation, or discrimination." (Filing No. 37 at 4.) Defendants move for summary judgment on this claim, arguing that Plaintiffs have not identified any specific statement that violates 42 U.S.C. § 3604(c). (Filing No. 84 at 23-24.) Plaintiffs cross-move for partial summary judgment as to liability on this claim, (Filing No. 86), arguing that Defendants' Community Rules discriminate on the basis of familial status by targeting families with children. (Filing No. 87 at 5.)

The Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted, and Plaintiffs' Partial Motion be denied. (Filing No. 104 at 16.) Plaintiffs object to this recommendation, arguing that the Magistrate Judge: (1) failed to consider a statement by Farrell-Roeh[4] Vice President Adam McNeil ("McNeil") that Shiloh Estates was not a "handicap-accessible park" (Filing No. 85-42 at 8); and (2) failed to consider precedent from other circuits permitting facial familial status challenges of the type brought here. (Filing No. 106 at 11.)

The Court considers first Plaintiffs' objection that the Magistrate Judge did not consider McNeil's statement that Shiloh Estates was not a "handicap-accessible park." In their Partial

---

[4] Farrell-Roeh's precise relationship to the Defendants is not clear, but McNeil appears to have had supervisory authority over the property manager at Shiloh Estates.

9

Motion for Summary Judgment regarding 42 U.S.C. § 3604(c), Plaintiffs did not raise an argument involving discrimination on the basis of disability—they raised only an argument regarding familial status discrimination. Plaintiffs' response in opposition to Defendants' Motion for Summary Judgment raises no additional arguments; it merely directs the Court to Plaintiffs' own brief in support of summary judgment. (Filing No. 91 at 19.) So while Plaintiffs argue that the Magistrate Judge failed to consider McNeil's statement, the Magistrate Judge cannot fail to consider what has not been placed at issue. Plaintiffs waived this argument by failing to raise it.

Regarding the familial status discrimination that was raised by Plaintiffs and addressed by the Magistrate Judge, Plaintiffs acknowledge that no precedent exists within this Circuit to support their interpretation of the statute. (Filing No. 106 at 10.) They argue, however, that while the type of familial status claims they raise have not yet been "addressed by courts in the Seventh Circuit," they are nonetheless "viable claims [that are] commonly heard in other district courts across the country." (Filing No. 106 at 10-11.) This Court declines to adopt the out-of-circuit case law suggested by Plaintiffs, and agrees with the Magistrate Judge that an objective, ordinary reading of the rules cited by Plaintiffs does not indicate a preference against families with children.

Accordingly, the Court overrules Plaintiffs' objections and adopts the Magistrate Judge's recommendation that Plaintiffs' Motion for Partial Summary Judgment be denied and Defendants' Motion for Summary Judgment be granted.

C. **42 U.S.C. § 3604(f)**

In their Amended Complaint, Plaintiffs allege that Defendants have violated 42 U.S.C. § 3604(f)(3)(B) "by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling." (Filing No. 37 at 4-5.) Plaintiffs also allege that

Defendants violated 42 U.S.C. § 3604(f)(3)(A) "by refusing to permit, at the expense of the person with a disability, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises." (Filing No. 37 at 5.)

Defendants move for summary judgment on this claim, arguing that none of the circumstances identified by Plaintiffs constitute a refusal on the part of Defendants to make reasonable accommodations for a tenant's disability. (Filing No. 84 at 24-26.) Plaintiffs respond that three reasonable accommodation requests were made and not appropriately addressed by Defendants. (Filing No. 91 at 21-26.) The Magistrate Judge concluded that none of the incidents cited by Plaintiffs represent a refusal to accommodate. (Filing No. 104 at 18.) The Magistrate Judge concluded that, at best, Plaintiffs established that they were not provided with the precise accommodations they requested. (Filing No. 104 at 19.) The Magistrate Judge recommended granting the Defendants' summary judgment motion on this claim, and Plaintiffs object to that recommendation.

42 U.S.C. § 3604(f) makes it illegal "to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter" because of a disability. 42 U.S.C. § 3604(f)(1). Discrimination includes:

> (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted; [or]

> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

42 U.S.C. § 3604(f)(3)(A), (B). In their objection to the Magistrate's recommendation, Plaintiffs cite three incidents that they allege demonstrate violations of these two provisions: (1) Defendants' failure to timely build a ramp as requested by Greta Willis; (2) Defendants' refusal to allow Jackie Murray to build a wheelchair ramp to her front door; and (3) Defendants' refusal to allow Carol Willis to terminate her lease without a termination fee. The Court will addresses each incident.

### 1. Wheelchair Ramp for Resident Greta Willis

Greta Willis requested that a ramp be installed at her home to facilitate moving her mother's wheelchair in and out. (Filing No. 85-42 at 4.) Plaintiffs allege that Ziemer, the property manager at Shiloh Estates, initially took no action on the request, and upon a second request, agreed to install a ramp but did not follow through. (Filing No. 91 at 23.) Ziemer's employment was ultimately terminated, and after Ziemer's termination, Greta Willis continued to request the ramp. (Filing No. 85-42 at 9-11.) McNeil was informed that Greta Willis had requested the ramp, and he told Greta Willis that Shiloh Estates was not a "handicap-accessible park." (Filing No. 85-42 at 8.) Several months after initially requesting the ramp, it was installed at her home, and Shiloh Estates paid for half of the cost. (Filing No. 85-42 at 8.) Greta Willis testified that she expected Shiloh Estates to pay for the ramp in its entirety. (Filing No. 85-42 at 8.)

Plaintiffs do not dispute that Defendants ultimately built the requested ramp, and did so in part at their own expense. They appear instead to argue that Defendants failed to accommodate Plaintiffs' request by unreasonably delaying the ramp's construction. There are several problems, however, with Plaintiffs' argument. First, 42 U.S.C. § 3604(f)(3)(A) prohibits the "refusal to permit, *at the expense of the handicapped person*, reasonable modifications of [the] existing premises... ." 42 U.S.C. § 3604(f)(3)(A) (emphasis added). Greta Willis does not allege that she requested permission to build a ramp at her own expense, and indeed she testified during her

12

deposition that, at the time she requested the ramp, she expected Shiloh Estates to pay for it. (Filing No. 85-42 at 8-9.) The factual allegations made by Plaintiffs do not establish that the protections of 42 U.S.C. § 3604(f)(3)(A) were therefore ever triggered by Greta Willis' request.

Second, Plaintiffs appear to argue that Defendants unreasonably delayed building the ramp, constituting a failure to accommodate. (Filing No. 91 at 26.) The record evidence is unclear as to how much time passed between Greta Willis' initial request, when that request was approved, and when the ramp was built. For example, Greta Willis testified that she first asked for the ramp in February 2014, (Filing No. 85-42 at 10), but later testified that she asked for the ramp earlier than February (Filing No. 92-22 at 21). She testified that she signed the agreement to have the ramp constructed by May 2014, (Filing No. 92-22 at 21), and her testimony does not specify when the ramp was actually constructed. Plaintiffs contend in their briefing that Shiloh Estates delayed construction of the ramp for one year, but their record citation does not support that assertion. (Filing No. 91 at 25.) Even viewing the evidence in the light most favorable to Plaintiffs, the evidence simply does not establish the length of any alleged "delay" in constructing the ramp. Plaintiffs therefore cannot establish that any delay was unreasonable.

### 2. Wheelchair Ramp for Resident Jackie Murray

Plaintiffs also allege that Jackie Murray ("Murray") requested to install a wheelchair ramp to the front door of her home, and that Defendants refused this request. (Filing No. 91 at 23.) Murray testified that when she requested permission from Ziemer to build the ramp, Ziemer informed her that the ramp would need to be installed at the back door instead of the front. (Filing No. 92-26 at 11.) Murray testified that she told Ziemer that building the ramp at the back door "wouldn't do [her] any good." (Filing No. 92-26 at 11.)

Defendants do not dispute that Murray was disabled, and they do not contend that the accommodation requested by her was unreasonable. Defendants argue that they satisfied their statutory obligations by offering Murray an alternative accommodation (building the ramp to the back door). However, Murray contends that the accommodation offered by Defendants was not reasonable in light of the circumstances—that (1) the back door was not wide enough to permit the wheelchair to pass through the doorway; and (2) the home's layout would have required her to maneuver her wheelchair through grass to get to the ramp. (Filing No. 106 at 11-12.) While Murray cannot remember whether she explained to Ziemer those specific reasons for requesting a front-door ramp, this does not preclude Murray from establishing that her request was reasonable. Defendants have not presented evidence that construction of the ramp at the front door (at Murray's expense) would have placed an undue hardship or burden on them. Therefore, viewing the evidence in the light most favorable to Plaintiffs, as the non-moving party, the Court finds that a reasonable jury could conclude that Murray's accommodation request was reasonable and that Defendants failed to accommodate it.

### 3. Carol Willis' Lease Termination

Finally, Plaintiffs argue that Defendants failed to accommodate Carol Willis' disability by refusing to allow her to terminate her lot lease early without a termination fee. (Filing No. 106 at 12-13.) The Court addresses this argument succinctly, because Plaintiffs fail to identify how 42 U.S.C. § 3604(f)(3)(B) could support such a claim. That provision identifies as discrimination "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person *equal opportunity to use and enjoy a dwelling*." 42 U.S.C. § 3604(f)(3)(B) (emphasis added). The request to be permitted to break a lease without a termination fee does not constitute the use and enjoyment of a dwelling—in fact,

quite the opposite, it involves a request to end the occupancy of a dwelling. Therefore the Court agrees with the Magistrate Judge that this alleged incident cannot support a failure-to-accommodate claim.

For the reasons above, the Court overrules Plaintiffs' objections and adopts the Magistrate Judge's Report and Recommendation as to the claims under 42 U.S.C. § 3604(f), except as to the incident alleged by Murray. The Court grants Defendants' Motion for Summary Judgment as to the incidents alleged by Greta Willis and Carol Willis. The Court modifies the Report and Recommendation, as described above, and denies Defendants' Motion for Summary Judgment as to the incident regarding Murray.

**D.     42 U.S.C. § 3617**

In their Amended Complaint, Plaintiffs allege that Defendants have violated 42 U.S.C. § 3617 by "coercing, intimidating, threatening, or interfering with tenants in the exercise or enjoyment of, or on account of their having exercised or enjoyed…any right granted or protected by § 3603, 3604, 3605, or 3606 of this title." (Filing No. 37 at 4.) Defendants move for summary judgment on this claim, arguing that Plaintiffs have not sufficiently alleged that (1) any harassment occurred on the basis of national origin; and (2) any alleged harassment was not severe enough to run afoul of 42 U.S.C. § 3617. (Filing No. 84 at 26.) Plaintiffs respond that the harassment was based on their national origin, and that it was sufficiently severe to constitute a violation. (Filing No. 91 at 26-28.) The Magistrate Judge recommends denying Defendants' Motion, concluding that "Plaintiffs have produced evidence of a pattern of harassment by Ziemer and animus toward Hispanics from which a reasonable juror could infer that her negative treatment of Roman and Alvarez, as well as other residents, was sufficiently severe to be actionable under the FHA and

was motivated by discrimination." (Filing No. 104 at 12.) Defendants object to that recommendation.

In their objection to the Magistrate's recommendation, Defendants argue that their submitted, admissible evidence "destroys" all of the factual allegations made by Plaintiffs, leaving them with no claim under 42 U.S.C. § 3617. The Court agrees with the Magistrate Judge that Defendants seem to ask the Court to view the evidence in a light more favorable to them, or to weigh the conflicting designated evidence, which the Court may not do at the summary judgment stage. Plaintiffs identified a number of pieces of evidence that would support a finding of national-origin based harassment, such as (1) Ziemer calling Hispanics "dirty and stupid" and "illegal spics," (Filing No. 92-18 at 28-29); (2) Ziemer calling a mixed-race child an "undesirable" and telling a pool monitor not to let "the little black children" into the pool, (Filing No. 92-22 at 12-13); (3) Ziemer publicly blaming the "niggers and Hispanics" for stealing rent checks from the drop box, (Filing No. 92-19 at 14); and (4) Ziemer calling Roman's family "ignorant," (Filing No. 92-19 at 14). As the Magistrate Judge concluded, it may be a close call as to whether these incidents are sufficiently severe to constitute a violation of 42 U.S.C. § 3617, but these allegations are sufficient to defeat summary judgment.

As such, the Court overrules Defendants' objections and adopts the Magistrate Judge's Report and Recommendation as to the 42 U.S.C. § 3617 claim.

E.     **42 U.S.C. § 1981**

In their Amended Complaint, Plaintiffs allege that Defendants violated 42 U.S.C. § 1981 by depriving them of full and equal rights and benefits under the law based on their race, color, or ethnicity. (Filing No. 37 at 10.) Defendants argue that they are entitled to summary judgment on the individual Plaintiffs' claims, because Plaintiffs have not established that Defendants intended

16

to discriminate on the basis of race, and because there is no evidence that Defendants interfered with Plaintiffs' rights to make or enforce contracts.[5] (Filing No. 84 at 30.) The Magistrate Judge recommended that Defendants' Motion be denied, concluding that the individual Plaintiffs demonstrated a genuine dispute of material fact regarding whether a constructive eviction occurred and whether that constructive eviction was racially motivated. (Filing No. 104 at 20.)

Defendants object to this recommendation, arguing again that Plaintiffs have disclaimed any constructive eviction claim. (Filing No. 105 at 14-15.) They also argue that Plaintiffs have not demonstrated a genuine dispute of material fact regarding whether any alleged harassment was racially motivated. (Filing No. 105 at 17-26.) The Court has already addressed both of these arguments, so will do so again briefly. First, Plaintiffs alleged constructive eviction in their Amended Complaint, (Filing No. 37 at 8-9), and disputed Defendants' factual contention that Plaintiffs had failed to allege an attempted eviction (Filing No. 91 at 8). Second, Plaintiffs have provided evidence of possible racial animus, including: (1) Ziemer calling Hispanics "dirty and stupid" and "illegal spics," (Filing No. 92-18 at 28-29); (2) Ziemer calling a mixed-race child an "undesirable" and telling a pool monitor not to let "the little black children" into the pool, (Filing No. 92-22 at 12-13); (3) Ziemer publicly blaming the "niggers and Hispanics" for stealing rent checks from the drop box, (Filing No. 92-19 at 14); and (4) Ziemer calling Roman's family "ignorant," (Filing No. 92-19 at 14).

The Court agrees with the Magistrate Judge that Plaintiffs have established a genuine issue of material fact as to whether there was a constructive eviction and whether Defendants' actions

---

[5] In moving for summary judgment against FHCCI on this claim, Defendants argue that only the individual Plaintiffs have standing to bring a claim under this statute. (Filing No. 84 at 29.) Plaintiffs do not respond to this argument. The Court grants the Motion for Summary Judgment as to FHCCI.

were racially motivated. The Court therefore overrules Defendants' objections and adopts the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be denied.

### IV.  CONCLUSION

For the reasons stated above, the Court makes the following determinations as to the parties' objections (Filing No. 105; Filing No. 106):

Noting no objections, the Court **ADOPTS** the recommendations that Defendants MH Leasing, LLC and FR Communities LLLP be dismissed, and the Court **DISMISSES WITH PREJUDICE** all claims against MH Leasing, LLC and FR Communities LLLP.

Also noting no objections, the Court **ADOPTS** the recommendations that the state law negligence and harassment claims be dismissed, and that the federal conspiracy claim under 42 U.S.C. § 1985(3) be dismissed. The Court **DISMISSES WITH PREJUDICE** these claims.

The Court **OVERRULES** Plaintiffs' objection and **ADOPTS** the recommendation that Defendants' Motion for Summary Judgment (Filing No. 83) be granted and that Plaintiffs' Partial Motion for Summary Judgment (Filing No. 86) be denied as to Plaintiffs' claims under 42 U.S.C. § 3604(c). The Court **GRANTS** Defendants' Motion for Summary Judgment as to this claim and **DENIES** Plaintiffs' Motion for Partial Summary Judgment in its entirety.

The Court **MODIFIES** the recommendation as to Plaintiffs' claims under 42 U.S.C. § 3604(f). The Court **OVERRULES** Plaintiffs' objection and **ADOPTS** the recommendation as to the incidents involving Greta Willis and Carol Willis, that Defendants' Motion for Summary Judgment be granted. The Court **GRANTS** Defendants' Motion for Summary Judgment as to those claims. The Court **DENIES** Defendants' Motion for Summary Judgment as to the incident involving Murray.

The Court **OVERRULES** Defendants' objections and **ADOPTS** the recommendations as to Plaintiffs' claims under 42 U.S.C. § 3604(b) and 42 U.S.C. § 3617.  Defendants' Motion for Summary Judgment as to these claims is **DENIED**.

The Court **OVERRULES** Defendants' objection and **ADOPTS** the recommendation as to Plaintiffs' claims under 42 U.S.C. § 1981.  Defendants' Motion for Summary Judgment as to Plaintiff FHCCI is **GRANTED** and Defendants' Motion for Summary Judgment as to Plaintiffs Roman and Alvarez is **DENIED**.

Therefore, remaining for trial are Plaintiffs' claims under 42 U.S.C. § 3604(b), 42 U.S.C. § 3617, 42 U.S.C. § 3604(f), but only as to the incident involving Murray, and 42 U.S.C. § 1981, but only as to Plaintiffs Roman and Alvarez.

**SO ORDERED.**

Date:  7/26/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher E. Clark
GOODIN ABERNATHY LLP
cclark@goodinabernathy.com

James R. Browne, Jr.
GOODIN ABERNATHY LLP
jbrowne@goodinabernathy.com

Amanda C. Couture
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
amanda.couture@ogletreedeakins.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
kenneth.siepman@odnss.com